RECEIVED

JAN 3 0 2008

Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOYCE WAGENMAKER :
Plaintiff :
: C.A. No. 08-
v. :
:
AMICA MUTUAL INSURANCE : *Jury Trial Demand*
COMPANY :

CA 08 41T

## COMPLAINT

## PARTIES

1. Plaintiff is a citizen of the State of Illinois and resides in Lake Bluff, Illinois.

2. Defendant is a mutual company organized and existing under the laws of the State of Rhode Island with its principal place of business in Lincoln, Rhode Island.

## JURISDICTION

3. Jurisdiction is founded o 28 U.S.C. § 1332(a) this being an action between citizens of different States wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## GENERAL ALLEGATIONS

4 On or about July 3, 2006, Plaintiff Joyce Wagenmaker was a passenger in an automobile owned and operated by an acquaintance, Vito Vitone of West Warwick, Rhode Island. The Vitone vehicle was traveling on Route 95 South in the City of Warwick at approximately 10:00 p.m.

5. At the time and place aforesaid, an unidentified vehicle operated in a reckless fashion came into contact with the Vitone Vehicle causing it to go out of

control and to sustain several collisions (hereinafter referred to as the "Accident"). That vehicle has remained unidentified despite a police investigation to locate it.

6. As a result of the events described in the immediately preceding Paragraph, Ms. Wagenmaker suffered severe personal injuries and has suffered considerable resultant financial losses and endured great pain and suffering.

7. The Vitone Vehicle was a 1999 Chevrolet Corvette and was one of several owned by Mr. Vitone.

8. At the times material hereto, Mr. Vitone insured his vehicles with Defendant Amica.

9. On or about November 25, 2005, Defendant renewed Mr. Vitone's policy of insurance, Policy Number 961138-23YV (hereinafter referred to as the "Policy") which covered a number of vehicles including the Vitone Vehicle. See, Declarations Page for Personal Auto Policy No. 961138-23YV annexed hereto as Exhibit A and incorporated herein by reference.

10. The Policy provided coverage for Uninsured Motorists Coverage in the amount of $500,000 per accident for bodily injury. *Id.*

11. At the time of the Accident, the Declarations Page annexed hereto as Exhibit A was in effect, no other Declarations Page having been issued with respect to this Policy period.

12. Plaintiff Ms. Wagenmaker is defined as an "insured" under the terms of the Policy.

13. Plaintiff, Ms. Wagenmaker made a claim against Defendant for UM benefits under the Policy to compensate her for the bodily injuries that she sustained in the Accident.

14. Notwithstanding the information set forth on its own Declarations Page, Defendant, as is more fully set forth below, has denied that there was in effect at the time of the Accident, UM coverage for the bodily injuries that Ms. Wagenmaker sustained while a passenger in the Vitone Vehicle.

15. The bases for Plaintiff Ms. Wagenmaker's claim for coverage are fully set forth in the letter of her counsel to Amica of November 5, 2007, a copy of which is annexed hereto as Exhibit B and incorporated herein by reference.

16. In summary, the Policy defines the "hit-and-run" vehicle as an uninsured vehicle and defines Ms. Wagenmaker as an "insured". While the Policy does exclude UM coverage for "an **insured** while occupying, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy" (emphases in the original) this exclusion would not apply to Ms. Wagenmaker because, although she is defined as an insured under the Policy, and although Defendant asserts that the Vitone Vehicle, which she was occupying when she sustained the bodily injuries which are the basis for her claims was not insured for UM coverage under the policy, Ms. Wagenmaker did **NOT** own the Vitone Vehicle.

17. Despite Ms. Wagenmaker's good faith claim for UM benefits as an insured under the Policy by, *inter alia,* providing to Defendant the detailed analysis embodied in Exhibit B, Defendant summarily and without responding to the analytical components of Exhibit B denied UM coverage for these claims.

18. Instead of addressing the Plaintiff's detailed analysis of coverage, Defendant, through its agent Robert Reifel, merely asserted that, in October of 2005, Mr. Vitone had requested that Defendant remove all coverages from the Vitone Vehicle except "Other Than Collision" coverage. *See,* Letter of Robert Reifel to Plaintiff's counsel of December 5, 2007, a copy of which is annexed hereto as Exhibit C and incorporated herein by reference.

19. In summary, Defendant alleged that, because "all coverages except "Other Than Collision" coverage were eliminated from" the Vitone Vehicle before the Accident, there was no UM coverage for Ms. Wagenmaker's claims.

20. Despite Defendant's assertions, the Policy defines a "covered auto" for purposes of the UM provisions embodied in Part C, as "any vehicle shown in the Declarations".

21. As noted above, because:

a. the Vitone Vehicle was "shown in the Declarations" from that document's creation in November of 2005 until the time of the Accident;

b. the Policy defines a "covered auto" as one shown in the Declarations;

c. the Policy provides UM benefits to an insured defined as "any other person occupying your covered auto";

d. Ms. Wagenmaker was occupying the Vitone Vehicle when she sustained her bodily injuries;

e. the Policy's express exclusion for UM benefits when an auto is not insured for UM coverage under the Policy ***extends only to an insured who <u>owns</u> the subject*** auto;

f. Ms. Wagenmaker did **NOT** own the Vitone Vehicle, Ms. Wagenmaker was not subject to the Policy's UM exclusion.

## COUNT I—DECLARATORY RELIEF

22. The allegations set forth in Paragraphs 1 through 21 above are incorporated herein as if set forth again in full.

23. By the Policy's clear, unambiguous and express terms, Plaintiff Ms. Wagenmaker is entitled to coverage under the Policy's UM provisions for the bodily injuries that she sustained in the Accident.

WHEREFORE. Plaintiff requests that this Honorable Court declare the rights and obligations of the Parties in and to the Policy, including all sums to which Plaintiff is entitled under the Policy for the bodily injuries which are the subject of her claims against Defendant, together with her costs and reasonable attorneys fees.

## COUNT II—BREACH OF CONTRACT

24. The allegations set forth in Paragraphs 1 through 23 above are incorporated herein as if set forth again in full.

25. By virtue of the fact that the Policy definition of "insured" includes Ms. Wagenmkaer under the facts presented, there exists a contractual relationship between her and Defendant that gives rise to contractual rights and obligations under the Policy.

26. Defendant's acts and omissions complained of herein constitute a breach of Defendant's obligations and duties under the Policy.

27. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages recoverable under the laws of the State of Rhode Island.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that exceeds the jurisdictional requirements of this Court, together with interest, costs, attorney fees, and such other relief as is appropriate in the circumstances.

**COUNT II—BAD FAITH PURSUANT TO R.I.G.L. § 9-1-33**

28. The allegations set forth in Paragraphs 1 through 27 above are incorporated herein as if set forth again in full.

29. Pursuant to R.I.G.L. § 9-1-33, Defendant had a legal duty to Ms. Wagenmaker to act in good faith in reaching its decision to deny her claim for UM benefits and in performing its obligations under the contract and applicable law.

30. Defendant breached the duty described in the immediately preceding Paragraph.

31. As a consequence of Defendant's breach, Plaintiff has suffered damages and incurred attorney fees in an effort to enforce her rights under law.

32. Pursuant to the provisions of R.I.G.L. § 9-1-33, Defendant is obligated to pay compensatory and punitive damages, as well as reasonable attorney fees as a consequence of the claims raised in this Count.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages recoverable under the law of the State of Rhode Island for the matters set forth in this

Count, including those provided by the provisions of R.I.G.L. § 9-1-33, together with interest and costs.

**COUNT III—BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING**

33. The allegations set forth in Paragraphs 1 through 32 above are incorporated herein as if set forth again in full.

34. Defendant had an obligation under the common law of the State of Rhode Island to handle, manage and respond to Ms. Wagenmaker's claims under the Policy in a manner that complied with Defendant's common law duty of good faith and fair dealing.

35. By virtue of its acts and omissions complained of in this action including, *inter alia*, its failure to comply with the provisions of Rhode Island's Unfair Claims Settlement Practices Act, R.I.G.L. § 27-9.1-1 *et seq.*, Defendant has breached its duty more fully described in the immediately preceding Paragraph.

36. As a direct and proximate result of Defendant's breach of this duty, Plaintiff has suffered damages and has been made to resort to expensive and burdensome litigation far removed from her home.

WHEREFORE, Plaintiff demands judgment against Defendant for all damages recoverable under the law of the State of Rhode Island for the matters set forth in this

Count, together with interest and costs.

Plaintiff
By her Attorney

DAVID J. OLIVEIRA, ESQ. #2516
155 South Main Street Suite 305
Providence, RI 02903
(401) 274-9191
(401) 274-9190 (Fax)
doliveira@djolaw.com

1/29/08

***Plaintiff demands a trial by jury of all claims hereunder so triable and designates David J. Oliveira, Esq. as trial counsel.***