djo David J. Oliveira, Esq.
Attorney & Counsellor at Law

155 South Main Street, Suite 305
Providence, RI 02903
ph. 401.274.9191
fax. 401.274.9190
doliveira@djolaw.com
www.djolaw.com

Admitted in RI & MA

November 5, 2007

Mr. Robert Reifel, CPCU
Sr. Claims Supervisor
Amica
P.O. Box 6008
Providence, RI 02940-6008

***Re: Vito Vitone/ File No. L99200605081***
***Accident of July 3, 2006***

Dear Mr. Reifel:

This firm is legal counsel to Joyce Wagenmaker with regard to an automobile accident which occurred on July 3, 2006 on Route 95 North in Warwick, Rhode Island (the "Accident"). At that time, Ms. Wagenmaker was a passenger in a vehicle owned and operated by your insured, Vito Vitone of West Warwick, Rhode Island who, we understand, promptly notified Amica of the Accident and made a claim for UM coverage with respect thereto. I am in receipt of your letter of May 30, 2007 to Todd White, Mr. Vitone's counsel, in which you reaffirm Amica's denial of UM coverage to Mr. Vitone with respect to the Accident. I write to you now to address claims by Ms. Wagenmaker for UM coverage under Mr. Vitone's policy of insurance.

While processing her claims against Safeco, the carrier that provided UM coverage to Ms. Wagenmaker, I recently obtained a complete copy of Mr. Vitone's policy with Amica, Policy Number: 961138-23YV (hereinafter referred to as the "Policy") and have carefully reviewed Part C of the Policy which governs claims for UM coverage. I have also reviewed the Policy's Declarations Page that lists certain vehicles which Mr. Vitone owned at the time of the Accident. Finally, I analyzed this information against the backdrop of my understanding that the vehicle involved in the Accident, a 1998 Chevrolet Corvette listed as Auto No. 5 on the Policy's Declarations Page (hereinafter referred to as the "Vitone Vehicle"), had been removed from the Policy over the winter months, with coverage not having been replaced prior to the Accident. While it appears that Paragraph A. 1. of the Exclusions section of Part C of the Policy[1] might deny UM coverage to Mr. Vitone, we believe that the clear and unambiguous Policy terms would afford coverage to Ms. Wagenmaker for the serious injuries she sustained in the Accident. In this regard, I provide the following analysis with all citations and discussion of contract language meant to refer to the Policy.

---

[1] I discuss this exclusion in more detail below, specifically its application to Ms. Wagenmaker.

djo David J. Oliveira, Esq.
Attorney & Counsellor at Law



First, Paragraph A of the Insuring Agreement in Part C, provides that, if Ms. Wagenmaker is an **insured** under Part C, then Amica must pay to her compensatory damages for any bodily injuries that she received, to the extent that she is legally entitled to recover such compensation from the owner or operator of an **uninsured motor** vehicle. The only other requirement under this Paragraph is that the owner's or operator's liability must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** Those terms that I have placed in bold type above are defined in Paragraph B of Part C's Insuring Agreement. I turn now to these definitions.

Considering first whether the Accident involved an **uninsured motor vehicle,** I note that Paragraph C. 3. defines such a vehicle as including one:

> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
>
> * * *
>
> c. **Your covered auto.**

The Police Report concerning the Accident, as well as all witness statements known to us, establish that the Vitone Vehicle was struck in the rear by another vehicle that fled the scene and which has never been identified. As discussed more fully in the following paragraph, because the Vitone Vehicle was still designated as Auto No. 5 on the Declarations Page at the time of the Accident, it was a **covered auto.** Thus, Ms. Wagenmaker suffered bodily injuries for which the owner or operator of an **uninsured motor vehicle** is legally liable. I turn now to a consideration of whether she was defined as an **insured** as, if she was, she is entitled, in the first instance, to coverage under Part C, unless otherwise excluded by the Policy's terms.

An **"insured"** is defined under Paragraph B. of Part C's Insuring Agreement. In addition to the named insured (Vito Vitone and Linda Vitone) Paragraph B. 2. includes within this definition, "[a]ny other person occupying **your covered auto**." Part C. does not contain a definition of the term **your covered auto,** thus requiring reference to Paragraph J. of the Policy's general Definitions section which begins on Page 1 of 14. Specifically, Paragraph J. 1. defines **your covered auto** as "[a]ny vehicle shown in the Declarations." Accordingly, as the Vitone Vehicle was shown in the Declarations on the date of the Accident, Ms. Wagenmaker was an **insured** for purposes of coverage under the Insuring Agreement of Part C unless that coverage was otherwise excluded. For that reason, I turn to the applicable exclusions under Part C.

We understand that the only basis upon which Amica has denied UM coverage for Mr. Vitone with respect to the Accident, is the fact that he had removed the Vitone Vehicle from the Policy after the Policy (including the Declarations) was issued but before the Accident occurred.

David J. Oliveira, Esq.
Attorney & Counsellor at Law

Mr. Robert Reifel, CPCU
Page 3
November 5, 2007

Presumably, in reaching this conclusion, Amica relied on Paragraph A. 1. of Part C's language governing Exclusions which would require that we consider whether, under the Policy's language, this exclusion would apply to Ms. Wagenmaker, as well. With that in mind, I consider now the Exclusions provisions under Part C of the policy that begin on Page 7 of 14, thereof.

Paragraph A. 1. provides, in relevant part:

> A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by:
>
> 1. By an **insured** while occupying, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy.

As is apparent, this section excludes coverage under Part C for an insured who is occupying a vehicle which is not insured for coverage under Part C, where that vehicle is owned by the insured. Thus, because Mr. Vitone owned the Vitone Vehicle, to the extent that there was no coverage on the Vitone Vehicle under Part C, he would be excluded from UM coverage. Of course, as Ms. Wagenmaker had no ownership or other interest in the Vitone Vehicle, this exclusion, **on its face,** would not apply to her. Accordingly, we believe that Ms. Wagenmaker satisfied all requirements for coverage under Part C and that the Policy does not contain any language that would act to exclude this coverage.

Based on the foregoing analysis of Policy terms that are clear and unambiguous, we hereby make demand that Amica acknowledge Ms. Wagenmaker's entitlement to UM coverage under the Policy, for the bodily injuries that she sustained in the Accident. Once we receive such acknowledgement, I shall provide to you promptly a comprehensive demand for settlement. In the interim, kindly call with any specific questions or comments that you may have.

Sincerely,

David J. Oliveira, Esq.

DJO: nlp
cc: Mr. David Reeves, Safeco Insurance Company of Illinois