UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 08-41T

JOYCE WAGENMAKER,
Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,
Defendant/Third-Party Plaintiff,

v.

VITO VITONE,
Third-Party Defendant.

**Jury Trial Demand**

## AMICA MUTUAL INSURANCE COMPANY'S THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT

1. This is an third-party action for declaratory relief for the purpose of determining the parties' respective rights and obligations under insurance policies issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone. AMICA seeks a declaration that there is no coverage under its insurance policies for claims arising out of a July 3, 2006 motor vehicle accident, including, specifically claims asserted by Vito Vitone and his passenger, Joyce Wagenmaker, for Uninsured/Underinsured Motorist Bodily Injury coverage. This Court must determine and declare that there is no coverage because, several months before the accident, Vito Vitone specifically requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette.

## PARTIES

2. Plaintiff, Joyce Wagenmaker, is an individual residing at 116 Hemstead Street, Lake Bluff, Illinois.

3. Defendant/Third-Party Plaintiff, AMICA Mutual Insurance Company, is a company organized and existing under the laws of Rhode Island with a principal place of business in Lincoln, Rhode Island.

4. Third-Party Defendant, Vito Vitone is an individual residing a 57 Trellis Drive in West Warwick, Rhode Island and/or 290 Sanctuary Drive in East Greenwich, RI 02818-2073.

## **JURISDICTION**

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 2201(a) and 28 U.S.C. sec. 1367(a).

## **FACTS**

6. In and before 2005 and 2006 AMICA issued a Rhode Island personal automobile policy (No. 961138-23YV) to Mr. Vitone and his wife, Linda Vitone. At various times, there were up to five (5) different automobiles listed on the PAP, including, a 1998 Chevrolet Corvette.

7. The PAP contained the following provisions:

PART A. LIABILITY COVERAGE

EXCLUSIONS

A. We do not provide Liability Coverage for any insured:

8. Using a vehicle without a reasonable belief that the insured is entitled to do so.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

2. Any vehicle, other than your covered auto which is:

a. Owned by you, or
b. Furnished or available for your regular use.

PART B – MEDICAL PAYMENTS COVERAGE

EXCLUSIONS

We do not provide Medical Payments Coverage for any insured for bodily injury:

5. Sustained while occupying, or when struck by, any vehicle (other than your covered auto, which is:

a. Owned by you, or
b. Furnished or available for your regular use.

UNINSURED MOTORISTS COVERAGE- RHODE ISLAND (PP 04 90 01 05)

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for bodily injuries sustained by any insured:

1. While occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage.

8. AMICA also issued a personal umbrella liability policy (No. 761138-2472) (hereinafter the "PULP" policy) to Mr. and Mrs. Vitone.

9. On or about October 13, 2005, Vito Vitone contacted AMICA's Underwriting Department and indicated that his 1998 Chevrolet Corvette was going to be "laid up" or taken off the road.

10. On or about October 13, 2005, Vitone requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette. More specifically, Vitone requested that Liability, Medical Payments, Collision Loss and Uninsured/Underinsured Motorists Coverage be deleted from the PAP for the 1998 Chevrolet Corvette.

11. Consistent with Vitone's request, AMICA then made the requested changes to the PAP and a new policy was issued with effective dates of 11/25/05 to 11/26/06.

12. In the new or modified policy, all coverages (except "Other Than Collision") were deleted fro Vitone's 1998 Chevrolet Corvette. As of 11/25/05, there was no liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist Coverage for Vitone's 1998 Chevrolet Corvette.

13. On October 13, 2005, AMICA provided Mr. Vitone with written confirmation of the elimination of coverages he had requested. The correspondence included a "Coverage Confirmation" which confirmed that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "not covered."

14. After October 13, 2005, Vitone never requested that Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist coverages be reinstated for the 1998 Chevrolet Corvette.

15. On July 3, 2006, Vitone was operating his 1998 Chevrolet Corvette in Cranston, Rhode Island.

16. On July 3, 2006, the plaintiff, Joyce Wagenmaker, was a passenger in Vitone's vehicle.

17. On July 3, 2006, the 1998 Chevrolet Corvette was involved in a motor vehicle accident in Cranston, Rhode Island.

18. Vitone and Wagenmaker allege that they sustained personal injuries as a result of the July 3, 2006 motor vehicle accident.

19. Vitone and Wagenmaker, by and through Rhode Island counsel, have presented claims to AMICA for Uninsured Motorist benefits under Vitone's PAP.

20. AMICA properly denied coverage for Vitone and Wagenmakers' Uninsured Motorist claims because this coverage (and all coverages (except "Other Than Collision") had been removed from the PAP at Vitone's request in or about October/November 2005.

**COUNT I**
**(DECLARATORY JUDGMENT)**

21. Third-Party Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through twenty above, as if expressly re-written and set forth herein.

22. In and after October/ November 2005, all coverages (except "Other Than Collision") for the 1998 Chevrolet Corvette had been deleted from the PAP issued by AMICA to/for Vitone.

23. In and after October/November 2005, there was no Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist coverages in AMICA's PAP for Vitone's 1998 Chevrolet Corvette.

24. The PAP expressly provided that AMICA did not "provide Uninsured Motorist Coverage for bodily injuries sustained by any insured...while occupying...any vehicle owned by that insured which is not insured for this coverage."

25. There is no coverage under any insurance policy issued by AMICA for/to Vitone, including the PAP or PULP, for any claims arising out of the July 3, 2006 motor vehicle accident.

26. There is no coverage under any insurance policy issued by AMICA for/to Vitone for any claims asserted by Vitone or Wagenmaker, including, any Uninsured Motorist claim.

27. AMICA properly denied coverage for any and all claims submitted by or on behalf of Vitone and Wagenmaker in connection with the July 3, 2006 accident.

28. Based upon the foregoing, AMICA states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policies issued by AMICA, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

29. This Third-Party Complaint for Declaratory Judgment arises from the same set of facts as the underlying Complaint and therefore constitutes part of the same case or controversy as the claims in the underlying action.

30. AMICA is entitled to a declaration that there is no coverage under any insurance policy issued by AMICA for any claims arising out of the July 3, 2006 accident, including, Uninsured Motorist claims submitted by Vitone and Wagenmaker.

WHEREFORE, Third-Party Plaintiff, AMICA, demands that this Court enter an order in its favor against the third-party defendant:

a. declaring that:

1. there is no coverage under any insurance policy issued by AMICA, including the PAP and PULP, for any claims arising out of the July 3, 2006 accident, including, Uninsured/Underinsured Motorist claims submitted by Vitone and Wagenmaker;

2. AMICA properly denied any and all claims submitted by Vitone and Wagenmaker on account of the July 3, 2006 accident, including their Uninsured/Underinsured Motorist claims;

b. awarding third-party plaintiff the costs herein expended and such other and further relief that this Court deems just and property.

Respectfully submitted,
Third-Party Plaintiff
AMICA Mutual Insurance Company
By its attorney,

Nicole J. Todesco

Nicole J. Todesco, Esq. (#7166)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
ntodesco@sloanewalsh.com

Dated: 2/6/08

S:\VITONE, VITO AND LINDA - AM-970-1808\Pleadings\THIRDPARTYCOMPLAINT 02-01-08.DOC

**CERTIFICATE OF SERVICE**

I, Nicole J. Todesco, attorney for Defendant/Third-Party Plaintiff, hereby certify that on this 6th day of February 2008, I caused a copy of the foregoing pleading(s) to be forwarded to counsel of record via First Class U.S. Mail, postage prepaid, as follows:

David J. Oliveira, Esq.
155 South Main Street, Suite 305
Providence IR 02903

Nicole J. Todesco