UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOYCE WAGENMAKER,<br><br>Plaintiff,<br><br>V.<br>AMICA MUTUAL INSURANCE CO.,<br>Third-Party Plaintiff,<br><br>V.<br><br>VITO VITONE,<br><br>Third-Party Defendant. | : | C.A. NO. 08-041 T |

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THIRD-PARTY COMPLAINT**

Now comes the Third-Party Defendant, Vito Vitone, and hereby moves to dismiss the third-party action filed against him pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows the pleader to assert a defense under a motion for lack of jurisdiction over the subject matter. The Third-Party Complaint indicates that both the Defendant/Third-Party Plaintiff, Amica Mutual Insurance Co, ("Amica") and the Third-Party Defendant, Vito Vitone ("Vitone") are both citizens of the State of Rhode Island. (See paragraphs 3 and 4 of the Third-Party Complaint attached as Exhibit A to the Memorandum of Law.) By impleading Vitone as a Third-Party Defendant, Amica destroys the complete diversity necessary for subject matter jurisdiction. Therefore, the Third-Party Complaint should be dismissed.

In support of this Motion to Dismiss, Vitone refers the Court to the attached Memorandum of Law.

Third-Party Defendant
By his Counsel,

/s/ Todd D. White
Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2008, I electronically filed the attached Third-Party Defendant's Motion to Dismiss Third-Party Complaint with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and through regular mail, postage prepaid:

David J. Oliveira, Esq.
155 South Main Street
Suite 304
Providence, RI 02903

Nicole J. Todesco, Esq.
Sloan & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108

/s/ Todd D. White

*444360_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOYCE WAGENMAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| AMICA MUTUAL INSURANCE CO., | : | C.A. NO. 08-041 T |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| VITO VITONE, | : | |
| | : | |
| Third-Party Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT'S MOTION TO DISMISS THE THIRD-PARTY COMPLAINT**

## I. BACKGROUND

On July 3, 2006, Third-Party Defendant, Vito Vitone ("Vitone") was operating his 1998 Chevrolet Corvette on Route 95 in Cranston, Rhode Island. Plaintiff, Joyce Wagemaker ("Wagenmaker") was a passenger seated in the front seat of this vehicle. The vehicle was struck from behind by an unidentified operator. (The police report and witness statements indicate that the unidentified vehicle which struck the Corvette appeared to be "drag racing" another vehicle when the collision occurred.)

As a result of the contact, the Corvette was propelled into the jersey barrier to the left (which separated Route 95 south from north) and then careened off the barrier across three lanes of traffic where it was struck by an eighteen wheel tractor trailer truck. Both Wagenmaker and Vitone suffered severe personal injury. Police investigated the accident but were unable to locate or even identify the driver who struck the Corvette.

At the time of the accident, Vitone was insured by the Defendant/Third-Party Plaintiff, Amica Mutual Insurance Co. ("Amica"). In response to Vitone's claim, Amica has asserted that Vitone did not have collision coverage or Uninsured/Underinsured Motorist ("UM") coverage for the Corvette.

Wagenmaker filed suit against Amica seeking a declaration that she is covered as a passenger under the applicable Amica UM policy. Thereafter, Amica impleaded Vitone as a Third-Party Defendant. However, Amica did not implead Vitone as a Third-Party Defendant based on an assertion of third-party liability. Rather, Amica impleaded Vitone as a Third-Party Defendant in an effort to obtain a declaration of rights with respect to Vitone and Wagenmaker and the coverage in question.

## II. STANDARD OF REVIEW

The proper vehicle for challenging a court's subject-matter jurisdiction is Federal Rule of Civil Procedure 12(b)(1). Valentin v. Hospital Bella Vista, 254 F. 3d 358, 362 (1st Cir. 2001). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto, if one is required, except that the following defenses may, at the option of the pleader, be made by motion: (1) lack of jurisdiction over the subject matter… .

A determination that this court has subject matter jurisdiction goes to the power of this court to hear and decide the case at bar. In assessing whether a plaintiff has provided an adequate basis for subject-matter jurisdiction, "the court must credit the plaintiff's well-pleaded factual allegations (usually taken from the complaint …), draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly. Id. at 363, citing Herbert v. Nat'l Acad. Of Scis., 974 F. 2d 192, 197 (D.C. Cir. 1992).

## III. ARGUMENT

In paragraphs three and four of Amica's Third-Party Complaint (attached as Exhibit A) Amica avers that both Amica and Vitone are citizens of the state of Rhode Island. The Third-Party Complaint states the following:

> 3. Defendant/Third-Party Plaintiff, AMICA Mutual Insurance Company, is a company organized and existing under the laws of Rhode Island with a principal place of business in Lincoln, Rhode Island.
>
> 4. Third-Party Defendant, Vito Vitone is an individual residing [at – sic] 57 Trellis Drive in West Warwick, Rhode Island and/or 290 Sanctuary Drive in East Greenwich, RI 02818-2073. (See attached Exhibit A.)

By impleading Vitone as a third-party defendant, Amica destroys the requirement of complete diversity of the parties. Therefore, subject matter jurisdiction no longer exists with this Court.

The United States Supreme Court addressed this very issue in Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365 (1978); 98 S.Ct. 2396. In Owen Equipment & Erection Co. v. Kroger, the plaintiff filed a wrongful death action in federal court against a defendant, based on diversity of citizenship. Id. at 367. The defendant impleaded a third-party defendant which appeared to be a citizen of a different state than was the plaintiff. Id. at 367-68. The plaintiff then amended her complaint naming the third-party defendant as a direct defendant. Id. at 368.

Prior to trial, the defendant/third-party plaintiff was dismissed on a motion for summary judgment. Id. at 368-369. During trial, it was discovered that the remaining defendant actually had a principal place of business in Iowa, where the plaintiff was a citizen. Id. at 369. However, the District Court denied the defendant/petitioner's motion to dismiss the complaint for lack of jurisdiction. The Court of Appeals affirmed that

decision because the claim arose from the "core of operative facts giving rise to both respondent's claim against OPPD [the original defendant] and OPPD's claim against Owen [the third-party defendant]." Id. at 369.

In analyzing these events and the decision made by the Circuit Court the Supreme Court stated, "Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. §1332 only when there is complete diversity of citizenship. The policy of the statute calls for strict construction." Id. at 376, citing Healy v. Ratta, 292 U.S. 263, 270.

The Supreme Court also dismissed the appellee's contention that the Court should look to the doctrine of ancillary jurisdiction by stating: "But neither the convenience of the litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a plaintiff's cause of action against a citizen of the same state in a diversity case." Owen Equipment & Erection Co. v. Kroger, at 376. Based on this very same analysis, by impleading Vitone as a third-party defendant, Amica has destroyed the complete diversity necessary for this Court to maintain subject-matter jurisdiction. Thus, this Court should dismiss Amica's third-party action against Vitone.

In addition, Amica's request for a declaration of rights based on Vitone's potential claim for UM coverage is not inextricably linked to Wagenmaker's UM claim. Each case can be litigated separately. Amica seeks to wrap together all issues relating to UM coverage with respect to this accident, but Vitone's claim and Wagenmaker's claim can stand and be fully adjudicated on their own. Unlike the third-party defendant in Owen Equipment & Erection Co. v. Kroger who became the direct defendant in the case

at trial, there is no allegation that Vitone is liable to Wagenmaker or Amica, either directly or vicariously.

## IV. CONCLUSION

WHEREFORE, the Third-Party Defendant, Vito Vitone respectfully requests that the third-party action against him be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Third-Party Defendant
By his Counsel,

_/s/ Todd D. White______________

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2008, I electronically filed the attached Memorandum of Law in Support of Third-Party Defendant's Motion to Dismiss Third-Party Complaint with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and through regular mail, postage prepaid:

David J. Oliveira, Esq.
155 South Main Street
Suite 304
Providence, RI 02903

Nicole J. Todesco, Esq.
Sloan & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108

____/s/ Todd D. White_________

*444360_1.doc*