UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C. A. NO.: 08-cv-00041-T-DLM

JOYCE WAGENMAKER,
Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,
Defendant/Third-Party Plaintiff,

v.

VITO VITONE,
Third-Party Defendant.

**DEFENDANT/THIRD-PARTY PLAINTIFF, AMICA MUTUAL INSURANCE COMPANY'S OPPOSITION TO THE THIRD-PARTY DEFENDANT'S MOTION TO DISMISS**

Now comes the defendant/third-party plaintiff, AMICA Mutual Insurance Company ("AMICA"), and hereby opposes third-party defendant, Vito Vitone's Motion to Dismiss for lack of subject matter jurisdiction.

As grounds therefore, AMICA states as follows:

1. The parties in this action have asserted claims for declaratory relief for the purpose of determining their respective rights and obligations under insurance policies issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone ("Vitone"). This matter arises out of a motor vehicle accident which occurred on July 3, 2006 in Cranston, RI. At the time of the accident, Vitone was operating his 1998 Chevrolet Corvette and Joyce Wagenmaker ("Wagenmaker") was a passenger in the vehicle. Vitone and Wagenmaker allege that they sustained personal injuries as a result of a collision with an unidentified vehicle.

2. Wagenmaker commenced this action and asserted claims for declaratory relief against AMICA. She has asked the Court to determine and declare that she is

entitled to Uninsured Motorist coverage under AMICA's insurance policy. In response, AMICA filed a counterclaim for declaratory judgment against Wagenmaker and third-party claim for declaratory judgment against Vitone. AMICA seeks a declaration that there is no coverage for the Uninsured Motorist claims because Vitone deleted this coverage for his 1998 Chevrolet Corvette several months before the accident.

3. The Court can properly exercise supplemental jurisdiction over AMICA's third-party claim for declaratory judgment against Vito Vitone ("Vitone") pursuant to 28 U.S.C. §1367(a). In short, it matters not that AMICA and Vitone are "nondiverse" parties. Section 1367(a) expressly provides that in any action in which the district court has original jurisdiction it may exercise supplemental jurisdiction over all other claims that arise from the same case or controversy. 28 U.S.C. sec. 1367(a); <u>see</u> <u>Exxon Mobil Corp. v. Allapath Service, Inc.</u>, 545 U.S. 546, 551 (2005); <u>see generally</u> <u>Insurance Company of North America v. SS Cape Charles</u>, 843 F. Supp. 893 (S.D.N.Y. 1994) (supplemental jurisdiction over third-party claims); <u>Bruce v. Middletown</u>, 781 F. Supp. 1013 (S.D.N.Y. 1992) (same). Because AMICA's third-party claims for declaratory judgment against Vitone share the same "common nucleus of operative facts" as Wagenmaker's claims against AMICA, supplemental jurisdiction exists pursuant to 28 U.S.C. sec. 1367(a). Moreover, the values of judicial economy, convenience and fairness make it appropriate to exercise supplemental jurisdiction over AMICA's third-party claims.

As further grounds in support of this Opposition, the plaintiff relies on the accompanying Memorandum of Law.

WHEREFORE, the Defendant/Third-Party Plaintiff respectfully requests that the Court deny the Third-Party Defendant's Motion to Dismiss.

Respectfully submitted,
Third-Party Plaintiff
AMICA Mutual Insurance Company
By its attorney,

Nicole J. Todesco

Nicole J. Todesco, Esq. (#7166)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523-6010/(617) 227-0927 – *fax*
ntodesco@sloanewalsh.com

Dated: 3/3/08

John A. Donovan III, Pro Hac Vice
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523-6010/(617) 227-0927 – *fax*
jdonovan@sloanewalsh.com

S:\VITONE, VITO AND LINDA - AM-970-1808\Pleadings\opposition to third-party defendant motion to dismiss.doc