L. 95–572, § 6(b)(1), Nov. 2, 1978, 92 Stat. 2456; renumbered § 1366, Pub. L. 99–336, § 6(a)(1)(C), June 19, 1986, 100 Stat. 639.)

### § 1367. Supplemental jurisdiction

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

(Added Pub. L. 101–650, title III, § 310(a), Dec. 1, 1990, 104 Stat. 5113.)

#### References in Text

The Federal Rules of Civil Procedure, referred to in subsec. (b), are set out in the Appendix to this title.

#### Effective Date

Section 310(c) of Pub. L. 101–650 provided that: "The amendments made by this section [enacting this section] shall apply to civil actions commenced on or after the date of the enactment of this Act [Dec. 1, 1990]."

#### Section Referred to in Other Sections

This section is referred to in title 42 section 13981.

### § 1368. Counterclaims in unfair practices in international trade.

The district courts shall have original jurisdiction of any civil action based on a counterclaim raised pursuant to section 337(c) of the Tariff Act of 1930, to the extent that it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim in the proceeding under section 337(a) of that Act.

(Added Pub. L. 103–465, title III, § 321(b)(3)(A), Dec. 8, 1994, 108 Stat. 4946.)

#### References in Text

Section 337 of the Tariff Act of 1930, referred to in text, is classified to section 1337 of Title 19, Customs Duties.

#### Effective Date

Section applicable with respect to complaints filed under section 1337 of Title 19, Customs Duties, on or after the date on which the World Trade Organization Agreement enters into force with respect to the United States [Jan. 1, 1995], or in cases under section 1337 of Title 19 in which no complaint is filed, with respect to investigations initiated under such section on or after such date, see section 322 of Pub. L. 103–465, set out as an Effective Date of 1994 Amendment note under section 1337 of Title 19.

## CHAPTER 87—DISTRICT COURTS; VENUE

Sec.
1391. Venue generally.
1392. Defendants or property in different districts in same State.
[1393. Repealed.]
1394. Banking association's action against Comptroller of Currency.
1395. Fine, penalty or forfeiture.
1396. Internal revenue taxes.
1397. Interpleader.
1398. Interstate Commerce Commission's orders.
1399. Partition action involving United States.
1400. Patents and copyrights, mask works, and designs.
1401. Stockholder's derivative action.
1402. United States as defendant.
1403. Eminent domain.
1404. Change of venue.
1405. Creation or alteration of district or division.
1406. Cure or waiver of defects.
1407. Multidistrict litigation.
1408. Venue of cases under title 11.
1409. Venue of proceedings arising under title 11 or arising in or related to cases under title 11.
1410. Venue of cases ancillary to foreign proceedings.
1411. Jury trials.
1412. Change of venue.
1413. Venue of cases under chapter 5 of title 3.

#### Amendments

1998—Pub. L. 105–304, title V, § 503(c)(3), Oct. 28, 1998, 112 Stat. 2917 inserted ", mask works, and designs" in item 1400.

1996—Pub. L. 104–331, § 3(b)(2)(B), Oct. 26, 1996, 110 Stat. 4069, which directed amendment of table of sections for chapter 37 by adding item 1413 at end, was executed by adding item 1413 at end of table of sections for chapter 87 to reflect the probable intent of Congress.

1988—Pub. L. 100–702, title X, § 1001(a), Nov. 19, 1988, 102 Stat. 4664, struck out item 1393 "Divisions; single defendant; defendants in different divisions".

1984—Pub. L. 98–353, title I, § 102(b), July 10, 1984, 98 Stat. 335, added items 1408 to 1412.

1978—Pub. L. 95–598, title II, § 240(b), Nov. 6, 1978, 92 Stat. 2668, directed the addition of item 1408, "Bank-

Page 3
ruptcy
fective
amende
section
1968—
added it
(
This c
§ 1391.
(a) .
founde
cept a
only ir
ant res
State,
tial pa
to the
proper
ated, c
fendan
time tl
trict i
brough
(b) A
founde
except
only ir
ant res
State,
tial pa
to the
proper
ated, c
fendan
which
(c) F
defend.
to resi
subject
action
than o
ant th.
jurisdi
such c
any di
tacts
sonal
rate S
corpor.
trict v
contac
(d) A
(e) A
ficer o
agency
under
the Ur
except
in any
in the
the ev
occurr
is the
plainti
the ac
parties
the Fe
such o
plicabl
cers, e