UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

C. A. NO.: 08-cv-00041-T-DLM

| | |
|---|---|
| JOYCE WAGENMAKER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMICA MUTUAL INSURANCE COMPANY, | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VITO VITONE, | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, AMICA MUTUAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFRIMATIVE DEFENSES**

**BACKGROUND**

The parties in this action have asserted claims for declaratory relief for the purpose of determining their respective rights and obligations under insurance policies issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone ("Vitone"). This matter arises out of a motor vehicle accident that occurred in Cranston, Rhode Island on July 3, 2006. Vitone, who was operating his 1998 Chevrolet Corvette, and his passenger, Joyce Wagenmaker ("Wagenmaker"), allege that they sustained personal injuries as a result of a collision with an unidentified vehicle. Wagenmaker commenced this action and asked the Court to determine and declare that she is entitled to Uninsured Motorist coverage under AMICA's policy. She also asserted claims for breach of contract, bad faith (under R.I.G.L. 9-1-33) and breach of the implied covenant of good faith and fair dealing.

## ARGUMENT

### A. <u>THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SIXTH AND TWELFTH AFFIRMATIVE DEFENSES.</u>

The Court should deny the Motion to Strike Defendant's Sixth and Twelfth Affirmative Defenses because plaintiff has failed to sustain her burden of demonstrating that these defenses are redundant, immaterial, impertinent or scandalous. Fed. R. Civ. P. 12(f).

#### i. <u>Twelfth Affirmative Defense</u>

Defendant's Twelfth Affirmative Defense is as follows:

> Plaintiff's bad faith claims must be stayed pending the outcome of the breach of contract claim.

This Defense is entirely proper and consistent with Rhode Island law concerning breach of contract and bad faith claims. After all, it is well established that a plaintiff must first show that he or she is entitled to recover on the insurance contract before he or she can prove that the insurer dealt with him or her in bad faith. <u>Zarrella v. Minnesota Mut. Life Ins. Co.,</u> 824 A.2d 1249, 1261 (RI 2003); <u>see</u> <u>Bartlett v. John Hancock Mutual Life Insurance Co.</u>, 538 A.2d 997 (RI 1988) ("there can be no cause of action for an insurer's bad faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance."); <u>see generally</u> <u>Skaling v. Aetna Insurance Co</u>., 742 A.2d, 282, 291-292 (RI 1999) ("a party that agrees to submit a contract dispute to arbitration has not breached the contract").

In <u>Bartlett v. John Hancock Mutual Life Insurance Co.</u>, 538 A.2d 997 (RI 1988), the Supreme Court held that there can be no cause of action for an insurer's bad-faith refusal to pay a claim until the insured first establishes that the insurer

breached its duty under the contract of insurance. Id. at 1000. The Bartlett Court noted:

> Clearly, plaintiff could never show an absence of a reasonable basis for denial of benefits if the insurer can prove that no benefits were owed under the policy. If the insurer prevails on the breach of contract action, it could not, as a matter of law, have acted in bad faith in its relationship with its policyholder. There cannot be a showing of bad faith when the insurer is able to demonstrate a reasonable basis for denying benefits.

Id.

Bartlett and its progeny mandate that a plaintiff cannot obtain complete discovery of an insurer's claim file by simultaneously pursuing breach of contract and bad-faith actions.See Imperali Casualty and Indemnity Company v. Bellini, 746 A.2d 130 (RI 2000); Lamoureaux v. Merrimack Mutual Fire Insurance Company, 751 A.2d 1290 (RI 2000). As the Bartlett Court explained,

> We have found no authority or precedent . . .that allows a policyholder to obtain complete access to an insurer's claim file by bringing simultaneous claims of bad faith and breach of contract against an insurer before the underlying action on the contract has been resolved in favor of the policyholder. . . . Allowing full disclosure of the insurer's claim file based solely on plaintiff's allegations of bad faith would invite all plaintiffs to include a bad-faith claim with every breach of contract claim.

Id. at 1002; see Imperali, 746 A.2d 130 (RI 2000) (motion justice erred in refusing to sever bad-faith claim from remaining litigation).

There is simply no basis to strike this Affirmative Defense and plaintiff failed to present any argument concerning this Defense in her Memorandum of Law.

ii. **Sixth Affirmative Defense**

Defendant's Sixth Affirmative Defense is as follows:

> The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(3) of the Federal Rules of Civil Procedure for improper venue.

The Court should not strike this Affirmative Defense because it is too early to tell whether venue is improper in this case. Wagenmaker's insurer, Safeco Insurance Company of Illinois, has filed a complaint for declaratory judgment against AMICA and Wagenmaker in the Circuit Court of Lake County, Illinois under case number 08 MR 116. AMICA has filed a Motion to Dismiss the Illinois state court action on grounds that there is another action pending between the same parties for the same cause (namely, the instant case). However, in the event that the Motion to Dismiss is denied, and in the event that Safeco is not or cannot be properly joined in this case, then it is possible that venue may not be proper.

WHEREFORE, the defendant respectfully requests that the Court deny the plaintiff's Motion to Strike.

Respectfully submitted,
DEFENDANT
AMICA Mutual Insurance Company
By its attorney,

/s/ Nicole Todesco

Nicole J. Todesco, Esq. (#7166)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
ntodesco@sloanewalsh.com

Dated: March 19, 2008

/s/ John A. Donovan III

John A. Donovan III (#5707)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523–6010/(617) 227–0927 – *fax*
jdonovan@sloanewalsh.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of March 2008, that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: David J. Oliveira, Esq., 155 South Main Street, Suite 305, Providence, RI 02903 and Todd D. White, Esq., Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903.

/s/ Debra Ito

Debra L. Ito

S:\VITONE, VIT0 AND LINDA - AM-970-1808\Pleadings\opposition tomotiontostrike.doc