UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOYCE WAGENMAKER,<br>Plaintiff,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY,<br>Defendant/Third-Party Plaintiff,<br><br>v.<br><br>VITO VITONE,<br><br>Third-Party Defendant. | : | C.A. No. 08-41T |

**ANSWER AND COUNTERCLAIM OF VITO VITONE TO AMICA MUTUAL INSURANCE COMPANY'S THIRD-PARTY COMPLAINT FOR DECLARATORY JUDGMENT**

1. This is not an allegation directed against the Third-party Defendant and therefore does not require a response. If, however, it is construed to be an allegation, it is hereby denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that the policy contained this language.

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Admitted to the extent that certain coverages were dropped.

13. Denied.

14. Denied to the extent that the Third-party Defendant did not know what coverages were deleted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Denied to the extent that coverage was properly denied.

**COUNT I**
**(DECLARATORY JUDGMENT)**

21. Third-party Defendant repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

WHEREFORE, Third-party Defendant, Vito Vitone, demands that this Court enter an order in his favor against the Third-party Plaintiff:

a. Declaring that:

1. there is coverage under the applicable insurance policy issued by AMICA for the claims of Vitone arising out of the July 3, 2006 accident, including but not limited to Uninsured/Underinsured Motorist coverage;

2. AMICA improperly denied said claims submitted by Vitone on account of the July 3, 2006 accident, including his Uninsured/Underinsured Motorist claim;

b. Awarding third-party defendant, Vitone, the costs herein expended and such other and further relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

AMICA failed to provide the requisite written notice to Vitone.

### Second Affirmative Defense

AMICA accepted payment for a specified number of motor vehicles insured by Vitone.

### Third Affirmative Defense

AMICA may not recover based on the doctrine of waiver.

### Fourth Affirmative Defense

AMICA has failed to comply with the statutory requirements as an insurer.

**Third-party Defendant's Counter-claim Against Defendant/Third-party Plaintiff**

1. The Third-party Defendant, Vito Vitone, is a resident of Warwick, Rhode Island.

2. The Defendant/Third-party Plaintiff, AMICA Mutual Insurance Company ("AMICA") is an insurance company with a principal place of business in Lincoln, Rhode Island.

3. As of November 21, 2005, Mr. Vitone had a valid policy of liability and underinsurance coverage provided by AMICA.

4. On November 21, 2005, while an AMICA insured, Mr. Vitone was seriously injured in an automobile accident on Route 95 northbound in Cranston, Rhode Island, in which the insured automobile he was operating was struck from behind.

5. The operator of the automobile which struck Mr. Vitone, Jason Silvia, had a $25,000 policy and was insured by Allstate Indemnity Company. AMICA was put on notice of this accident.

6. In early 2007, Allstate Indemnity Company paid Mr. Vitone the $25,000 policy limits and AMICA consented to this resolution.

7. As a result of this accident Mr. Vitone's medical bills alone exceed $100,000 and his lost wages exceed that amount.

8. Allstate Indemnity Company resolved its claim with Mr. Vitone after having obtained the requisite bills, records and information.

9. For the past two years, Mr. Vitone has provided medical records, medical bills, information on lost wages and even a signed statement to AMICA all in an attempt to resolve his underinsured claim.

10. Nevertheless, AMICA has continuously and willfully disregarded the Mr. Vitone's claim and refused to make any settlement offer in an attempt to resolve this matter.

10. AMICA's flagrant disregard for its obligation to its insured is a direct result of the position and action that it has chosen to take with respect to the July 3, 2006 motor vehicle accident.

11. Despite the fact that the November 21, 2005 accident is entirely disassociated with the July 3, 2006 accident, AMICA continues to refuse to act in good faith as a first party insurer in resolving the November 21, 2005 UM claim.

**COUNT I**
**BREACH OF CONTRACT**

12. Vitone alleges and reasserts paragraphs 1 through 11 as if fully set forth herein.

13. AMICA has a contractual obligation with Vitone as its insured.

14. Said obligation requires AMICA to undertake the timely and appropriate review and assessment of Vitone's November 21, 2005 UM claim, and attempt to resolve this claim.

15. Said obligation also requires that AMICA engage in settlement discussions in an effort to relieve Vitone from the burden and expense of litigation.

16. In light of the quantum of damages shown emanating from this claim, AMICA also has an obligation to make good faith efforts to resolve this claim.

17. AMICA breached it contract with Vitone by failing to undertake the appropriate review and assessment in a timely manner; failing to make any settlement offer; failing to apprise Vitone as to why AMICA has not made any settlement offer; and failing to resolve this claim based on the facts and circumstances.

WHEREFORE, as a result of AMICA's breach of contract, Vitone seeks full and complete compensation for the reasonable value of his loss in this accident, including any costs and fees this Court may award.

**COUNT II**
**NEGLIGENCE**

18. Vitone alleges and reasserts paragraphs 1 through 17 as if fully set forth herein.

19. AMICA was negligent in its duty to undertake the timely and appropriate review and assessment of Vitone's November 21, 2005 UM claim.

20. AMICA was also negligent in failing to engage in settlement discussions in an effort to relieve Vitone from the burden and expense of litigation, or to even apprise him of the status.

21. AMICA was further negligent in failing to resolve this claim in light of the circumstances of the accident and the resulting damages suffered by Vitone.

WHEREFORE, as a result of AMICA's negligence, Vitone seeks full and complete compensation for the reasonable value of his loss in this accident, including any costs and fees as this Court may find appropriate.

**COUNT III**
**BAD FAITH INSURANCE PRACTICE (R.I.G.L. §9-1-33)**

22. Vitone alleges and reasserts paragraphs 1 through 21 as if fully set forth herein.

23. AMICA is fully cognizant of its obligations to act in good faith with regard to resolving claims, yet it has steadfastly resisted its obligation to Vitone for an accident that is many magnitudes higher than what Vitone was able to recover against the third-party tortfeasor.

24. AMICA has acted in bad faith in light of its disregard for its insured in failing to appropriately review and assess the facts of the November 21, 2005 accident; in failing to make any settlement offer; and in failing to resolve this claim.

25. Additionally, AMICA's disregard for its insured is not only as a result of the substance of the November 21, 2005 claim but also as a direct result of being infected by the potential July 3, 2006 claim.

WHEREFORE, as a result of AMICA's willful and bad faith failure to resolve the November 21, 2005 claim, Vitone seeks full and complete recovery for the value of his compensatory loss in this accident, as well punitive damages as administered by this Court for bad faith insurance practice, and any additional costs and fees as this Court finds appropriate.

**Plaintiff demands a jury for all of its viable counterclaims in this matter.**

Third-party Defendant,
Vito Vitone
By his Counsel,

_/s/ Todd D. White_______________

Todd D. White, Esq.
Adler, Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2008, I electronically filed the attached Answer and Counterclaim of Vito Vitone to Amica Mutual Insurance Company's Third-Party Complaint for Declaratory Judgment with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system:

David J. Oliveira, Esq.
155 South Main Street, Suite 305
Providence, RI 02903
Nicole J. Todesco, Esq.
Sloane & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108

_/s/ Todd D. White_______________

*448428_1.doc*