UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOYCE WAGENMAKER :
Plaintiff :
: C.A. No. 08-41S
v. :
:
AMICA MUTUAL INSURANCE :
COMPANY :

**PRETRIAL STATEMENT OF JOYCE WAGENMAKER**

Joyce Wagenmaker is the Plaintiff in this matter against Amica and the Defendant, Counter-claim Plaintiff in the companion case involving Safeco Insurance Company of Illinois, C.A. No. 08-145S. The matters seek a declaration by the Court of the rights and obligations of the parties under the uninsured motorist coverage provisions of two insurance polices issued by these carriers. Amica issued its policy to a Vito Vitone (who is a party in this matter); Safeco issued its policy of insurance to Wagenmaker. As the matters seek construction of a contract, and the facts are not in dispute, the Court will be required to apply contract law to the undisputed facts in determining the rights and obligations at issue.

The law in Rhode Island concerning matter such as this is rather straightforward. The insured first has the burden of proving the existence of a policy of insurance, *Children's Friend & Serv. v. St. Paul Ins*., 893 A.2d 222 (R.I. 2006)—something that is not disputed in this action. Thereafter, the court is to engage in the rules of construction governing contracts as explained in *Gregelevich v. Progressive Northwestern Insurance*, 882 A.2d 594 (R.I. 2005) where the Rhode Island Supreme Court stated:

> We interpret insurance policy terms "according to the same rules of construction governing contracts." *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1215 (R.I. 2004). "The test to be applied is not what the insurer intended by his words, but what the ordinary reader and purchaser would have understood them to mean." *Id.* (citing *Pressman v. Aetna Casualty and Surety Co.*, 574 A.2d 757, 760 (R.I. 1990)).

*Gregelevich, supra* at 595.

***For over seven months, Plaintiff Wagenmaker has been advised through counsel that the carriers wish to arrive at an agreement with her to compensate her fairly for her injuries following which the carriers will litigate between themselves the ultimately liability for a the settlement.*** Accordingly, Plaintiff Wagenmaker respectfully submits that given:

1. the absence of any dispute that she suffered severe injuries in circumstances that entitle her to compensation under one of the insurance policies at issue;

2. the presence of two insurance companies which agree that one of them provides the coverage under which Plaintiff will be compensated for those injuries;

3. the absence of any reason for Plaintiff to remain in this matter

the Court should refer to a mutually acceptable mediator the task of forging an agreement on the fair value of Plaintiff Wagenmaker's injury claim and identifying a mutually agreeable manner for compensating her now, with the ultimate liability for that compensation to be determined between the carriers as they continue this litigation.

For the reasons and authorities set forth above, Plaintiff Wagenmaker requests

that this matter be referred to the Court's ADR process at this time.

Plaintiff
By her Attorney

/s/ David J. Oliveira, Esq.________
DAVID J. OLIVEIRA, ESQ. #2516
155 South Main Street Suite 305
Providence, RI 02903
(401) 274-9191
(401) 274-9190 (Fax)
doliveira@djolaw.com
Date: ___5/30/08______________

**CERTIFICATION**

I hereby certify that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system **Nicole J. Todesco, Esq.,** Sloane & Walsh, LLP, Three Center Plaza, 8th Floor, Boston, MA 02108, **Todd D. White, Esq.,** Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903, and **Mark P. Dolan, Esq.,** Rice, Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903 on this _30th_ day of May, 2008.

___/s/ David J. Oliveira, Esq.______