# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CIVIL ACTION NO.: 08-41T

JOYCE WAGENMAKER,
Plaintiff,

**Jury Trial Demand**

AMICA MUTUAL INSURANCE COMPANY,
Defendant.

## DEFENDANT, AMICA MUTUAL INSURANCE COMPANY'S ANSWER WITH COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. Defendant, AMICA Mutual Insurance Company, admits the allegations contained in this paragraph.

2. Defendant admits the allegations contained in this paragraph.

## JURISDICTION

3. Because the allegations contained in this paragraph state a legal conclusion, no answer is required. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

## GENERAL ALLEGATIONS

4. Defendant admits the allegations contained in the first sentence of this paragraph and denies the remaining allegations contained in this paragraph.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

7. Defendant admits the allegations contained in this paragraph.

8. Defendant denies the allegations contained in this paragraph.

9. Defendant admits that the policy of insurance was renewed at or about November 25, 2005 but further states that, at the request of Vitone, all coverages (except "Other Than Collision") were deleted for Vitone's 1998 Chevrolet Corvette, and, therefore, as of that date, there was no Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist Coverage for Vitone's 1998 Chevrolet Corvette.

10. Defendant denies the allegations contained in this paragraph and states that Uninsured Motorist Coverage had been deleted for the 1998 Chevrolet Corvette that was involved in the subject accident.

11. Defendant denies the allegations contained in this paragraph and states that AMICA issued a "Coverage Confirmation" which confirmed that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "not covered."

12. Defendant denies the allegations contained in this paragraph insofar as they relate to the 1998 Chervolet Corvette.

13. Defendant admits the allegations contained in this paragraph.

14. Defendant admits that it properly denied coverage for Plaintiff's UM claim because Uninsured Motorist Coverage for the 1998 Chervolet Corvette had been deleted from the policy.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiff for proof.

16. Defendant denies the allegations contained in this paragraph.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant denies the allegations contained in this paragraph.

20. Defendant denies the allegations contained in this paragraph.

21. Defendant denies the allegations contained in this paragraph.

## COUNT I

22. Defendant repeats, re-alleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 21 of the Plaintiff's Complaint as if expressly re-written and set forth herein.

23. Defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant respectfully request that the court enter judgment in its favor together with costs and fees.

**COUNT II**

24. Defendant repeats, re-alleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 21 of the Plaintiff's Complaint as if expressly re-written and set forth herein.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant denies the allegations contained in this paragraph.

27. Defendant denies the allegations contained in this paragraph.

WHEREFORE, defendant respectfully request that the court enter judgment in its favor together with costs and fees.

**COUNT II (SIC)**

28. Defendant repeats, re-alleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 27 of the Plaintiff's Complaint as if expressly re-written and set forth herein.

29. Because the allegations contained in this paragraph state a legal conclusion, no answer is required. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

30. Defendant denies the allegations contained in this paragraph.

31. Defendant denies the allegations contained in this paragraph.

32. Defendant denies the allegations contained in this paragraph.

WHEREFORE, defendant respectfully request that the court enter judgment in its favor together with costs and fees.

**COUNT III (SIC)**

33. Defendant repeats, re-alleges, and incorporates by reference its responses to the allegations in paragraphs 1 through 32 of the Plaintiff's Complaint as if expressly re-written and set forth herein.

34. Because the allegations contained in this paragraph state a legal conclusion, no answer is required. To the extent that the allegations of said paragraph are intended in any manner to state a claim of liability against the defendant, they are denied.

35. Defendant denies the allegations contained in this paragraph.

36. Defendant denies the allegations contained in this paragraph.

WHEREFORE, defendant respectfully request that the court enter judgment in its favor together with costs and fees.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant says that if the plaintiff was injured or damaged as alleged, the plaintiff assumed the risk of such injuries or damages.

## THIRD AFFIRMATIVE DEFENSE

The acts complained of were not committed by a person for whose conduct the Defendant is legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff's complaint is premature, as the liability of for any breach of contract has yet to be established.

## SIXTH AFFIRMATIVE DEFENSE

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(3) of the Federal Rules of Civil Procedure for improper venue.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(4) of the Federal Rules of Civil Procedure for insufficiency of process.

**EIGHTH AFFIRMATIVE DEFENSE**

The defendant states that the Complaint should be dismissed pursuant to Rule 12(B)(5) of the Federal Rules of Civil Procedure for insufficiency of service of process.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, or unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate he damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

The complaint shall be dismissed for failure of consideration.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's bad faith claims must be stayed pending the outcome of the breach of contract claim.

**THE DEFENDANT RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.**

**THE DEFENDANT DEMANDS A TRIAL BY JURY IN ALL CLAIMS AND ISSUES.**

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

**PRELIMINARY STATEMENT**

1. This is a counterclaim for declaratory relief for the purpose of determining the parties' respective rights and obligations under insurance policies issued by AMICA Mutual Insurance Company ("AMICA") to Vito Vitone. AMICA seeks a declaration that there is no coverage under its insurance policies for claims arising out of a July 3, 2006 motor vehicle accident, including, specifically claims asserted by Vito Vitone and his passenger, Joyce Wagenmaker, for Uninsured/Underinsured Motorist Bodily Injury

coverage. This Court must determine and declare that there is no coverage because, several months before the accident, Vito Vitone specifically requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette.

## PARTIES

2. Plaintiff/Defendant-in-Counterclaim, Joyce Wagenmaker, is an individual residing at 116 Hemstead Street, Lake Bluff, Illinois.

3. Defendant/Plaintiff-in-Counterclaim, AMICA Mutual Insurance Company, is a company organized and existing under the laws of Rhode Island with a principal place of business in Lincoln, Rhode Island.

## FACTS

4. In and before 2005 and 2006 AMICA issued a Rhode Island personal automobile policy (No. 961138-23YV) to Mr. Vitone and his wife, Linda Vitone. At various times, there were up to five (5) different automobiles listed on the PAP, including, a 1998 Chevrolet Corvette.

5. The PAP contained the following provisions:

PART A. LIABILITY COVERAGE

EXCLUSIONS

A. We do not provide Liability Coverage for any insured:

8. Using a vehicle without a reasonable belief that the insured is entitled to do so.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

2. Any vehicle, other than your covered auto which is:

a. Owned by you, or
b. Furnished or available for your regular use.

PART B – MEDICAL PAYMENTS COVERAGE

EXCLUSIONS

We do not provide Medical Payments Coverage for any insured for bodily injury:

5. Sustained while occupying, or when struck by, any vehicle (other than your covered auto, which is:

   a. Owned by you, or
   b. Furnished or available for your regular use.

UNINSURED MOTORISTS COVERAGE- RHODE ISLAND (PP 04 90 01 05)

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for bodily injuries sustained by any insured:

   1. While occupying, or when struck by, any motor vehicle owned by that insured which is not insured for this coverage.

6. On or about October 13, 2005, Vito Vitone contacted AMICA's Underwriting Department and indicated that his 1998 Chevrolet Corvette was going to be "laid up" or taken off the road.

7. On or about October 13, 2005, Vitone requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette. More specifically, Vitone requested that Liability, Medical Payments, Collision Loss and Uninsured/Underinsured Motorists Coverage be deleted from the PAP for the 1998 Chevrolet Corvette.

8. Consistent with Vitone's request, AMICA then made the requested changes to the PAP and a new policy was issued with effective dates of 11/25/05 to 11/26/06.

9. In the new or modified policy, all coverages (except "Other Than Collision") were deleted for Vitone's 1998 Chevrolet Corvette. As of 11/25/05, there was no liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist Coverage for Vitone's 1998 Chevrolet Corvette.

10. On October 13, 2005, AMICA provided Mr. Vitone with written confirmation of the elimination of coverages he had requested. The correspondence included a "Coverage Confirmation" which confirmed that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "not covered."

11. After October 13, 2005, Vitone never requested that Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist coverages be reinstated for the 1998 Chevrolet Corvette.

12. On July 3, 2006, Vitone was operating his 1998 Chevrolet Corvette in Cranston, Rhode Island.

13. On July 3, 2006, the plaintiff/defendant-in-counterclaim, Joyce Wagenmaker, was a passenger in Vitone's vehicle.

14. On July 3, 2006, the 1998 Chevrolet Corvette was involved in a motor vehicle accident in Cranston, Rhode Island.

15. Vitone and Wagenmaker allege that they sustained personal injuries as a result of the July 3, 2006 motor vehicle accident.

16. Vitone and Wagenmaker, by and through Rhode Island counsel, have presented claims to AMICA for Uninsured Motorist benefits under Vitone's PAP.

17. AMICA properly denied coverage for Vitone and Wagenmakers' Uninsured Motorist claims because this coverage (and all coverages (except "Other Than Collision") had been removed from the PAP at Vitone's request in or about October/November 2005.

**COUNT I**
**(DECLARATORY JUDGMENT)**

18. Defendant/Plaintiff-in-Counterclaim repeats, re-alleges and incorporates by reference the allegations contained in paragraphs one through seventeen above, as if expressly re-written and set forth herein.

19. In and after October/ November 2005, all coverages (except "Other Than Collision") for the 1998 Chevrolet Corvette had been deleted from the PAP issued by AMICA to/for Vitone.

20. In and after October/November 2005, there was no Liability, Medical Payments, Collision Loss, or Uninsured/Underinsured Motorist coverages in AMICA's PAP for Vitone's 1998 Chevrolet Corvette.

21. The PAP expressly provided that AMICA did not "provide Uninsured Motorist Coverage for bodily injuries sustained by any insured...while occupying...any vehicle owned by that insured which is not insured for this coverage."

22. There is no coverage under any insurance policy issued by AMICA for/to Vitone, including the PAP or any other policy, for any claims arising out of the July 3, 2006 motor vehicle accident.

23. There is no coverage under any insurance policy issued by AMICA for/to Vitone for any claims asserted by Vitone or Wagenmaker, including, any Uninsured Motorist claim.

24. AMICA properly denied coverage for any and all claims submitted by or on behalf of Vitone and Wagenmaker in connection with the July 3, 2006 accident.

25. Based upon the foregoing, AMICA states that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the insurance policies issued by AMICA, and the parties' rights and liabilities can only be determined by Declaratory Judgment.

26. AMICA is entitled to a declaration that there is no coverage under any insurance policy issued by AMICA for any claims arising out of the July 3, 2006 accident, including, Uninsured Motorist claims submitted by Vitone and Wagenmaker.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim, AMICA, demands that this Court enter an order in its favor against the plaintiff/defendant-in-counterclaim:

a. declaring that:

   1. there is no coverage under any insurance policy issued by AMICA, including the PAP and PULP, for any claims arising out of the July 3, 2006 accident, including, Uninsured/Underinsured Motorist claims submitted by Wagenmaker;

   2. AMICA properly denied any and all claims submitted by Wagenmaker on account of the July 3, 2006 accident, including their Uninsured/Underinsured Motorist claims;

b. awarding plaintiff-in-counterclaim the costs herein expended and such other and further relief that this Court deems just and property.

Respectfully submitted,
Defendant/Plaintiff-in-Counterclaim
AMICA Mutual Insurance Company
By its attorney,

[signature]

Nicole J. Todesco, Esq. (#7166)
SLOANE & WALSH, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108
(617) 523-6010/(617) 227-0927 – *fax*
ntodesco@sloanewalsh.com

Dated: 2/6/08

S:\VITONE, VITO AND LINDA - AM-970-1848\Pleadings\answerwithcounterclaims 02-01-08.DOC

**CERTIFICATE OF SERVICE**

I, Nicole J. Todesco, attorney for Defendant/Third-Party Plaintiff, hereby certify that on this 6th day of February 2008, I caused a copy of the foregoing pleading(s) to be forwarded to counsel of record via First Class U.S. Mail, postage prepaid, as follows:

David J. Oliveira, Esq.
155 South Main Street, Suite 305
Providence IR 02903

Nicole J. Todesco
Nicole J. Todesco