UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOYCE WAGENMAKER,<br>Plaintiff, | : | |
| v. | : | C.A. No.:08-cv-00041-S |
| AMICA MUTUAL INSURANCE CO.,<br>Third-Party Plaintiff, | : | |
| v. | : | |
| VITO VITONE,<br>Third-Party Defendant. | : | |

**THIRD-PARTY DEFENDANT, VITO VITONE'S STATEMENT OF DISPUTED FACTS IN SUPPORT OF OPPOSITION TO AMICA MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Now comes Third-Party Defendant Vito Vitone ("Vitone") and pursuant to Local Rule 56 of the United States District Court Rules Applicable to Civil Proceedings submits the within Statement of Disputed Facts in support of his Objection to Third-Party Plaintiff Amica Mutual Insurance Company's ("Amica") Motion for Summary Judgment. Pursuant to Local Rule 56(a)(3), the within Statement of Disputed Facts is numbered correspondingly to Amica's Statement of Undisputed Facts (Document No. 33).

**I. Disputed Facts**

1. Vitone does not deny or otherwise controvert the facts alleged in paragraph 1.
2. Vitone does not deny or otherwise controvert the facts alleged in paragraph 2.
3. Vitone does not deny or otherwise controvert the facts alleged in paragraph 3.
4. Vitone does not deny or otherwise controvert the facts alleged in paragraph 4.

5. The Vitones owned up to six vehicles which were listed on the subject policy. *See* Affidavit of Vito Vitone ("Vitone Aff."), attached as Exhibit 1 to Vitone's Statement of Undisputed Facts in Support of Cross-Motion for Summary Judgment, ¶ 4.

6. Vitone does not deny or otherwise controvert the facts alleged in paragraph 6.

7. Vitone does not deny or otherwise controvert the facts alleged in paragraph 7.

8. Vitone does not deny or otherwise controvert the facts alleged in paragraph 8.

9. Vitone does not deny or otherwise controvert the facts alleged in paragraph 9.

10. Vitone does not deny or otherwise controvert the facts alleged in paragraph 10.

11. Vitone does not deny or otherwise controvert the facts alleged in paragraph 11.

12. Vitone does not deny or otherwise controvert the facts alleged in paragraph 12.

13. Vitone does not deny or otherwise controvert the facts alleged in paragraph 13.

14. Vitone does not deny or otherwise controvert the facts alleged in paragraph 14.

15. Vitone requested deletion from the subject policy of comprehensive, collision, and liability coverage with respect to the 2002 Lincoln LS and the 1998 Chevrolet Corvette. Vitone Aff., ¶ 9.

16. Vitone at no time acknowledged that the "**UNINSURED MOTORISTS**" coverage provided in the subject policy would be changed, modified, or eliminated from the subject policy in any way. Vitone Aff., ¶ 11.

17. Vitone does not deny or otherwise controvert the facts alleged in paragraph 17.

18. Vitone does not have knowledge or information to respond to the factual allegation regarding what Ms. Detroia did or did not do. Vitone at no time requested that Amica delete, remove, or in any way alter the "**UNISURED MOTORISTS**" coverage provided under the subject policy. Vitone Aff., ¶ 10.

19. Vitone admits that the Vitones received a letter regarding the changes made to the subject policy but specifically denies the facts alleged in paragraph 19 to the extent they imply that he requested that Amica delete, remove, or in any way alter the "**UNINSURED MOTORISTS**" coverage provided under the subject policy. Vitone Aff., ¶ 10.

20. Vitone does not deny or otherwise controvert the facts alleged in paragraph 20.

21. Vitone does not deny or otherwise controvert the facts alleged in paragraph 21.

22. Vitone does not deny or otherwise controvert the facts alleged in paragraph 22.

23. Vitone does not deny or otherwise controvert the facts alleged in paragraph 23.

24. Vitone does not deny or otherwise controvert the facts alleged in paragraph 24 but states that he did not closely review the material(s) identified and did not understand those materials to indicate that the "**UNINSURED MOTORISTS**" coverage under the subject policy had been changed, modified, or eliminated from the subject policy. Vitone Aff., ¶ 15.

25. Vitone does not deny or otherwise controvert the facts alleged in paragraph 25 but states that he did not closely review the material(s) identified and did not understand those materials to indicate that the "**UNINSURED MOTORISTS**" coverage under the subject policy had been changed, modified, or eliminated from the subject policy. Vitone Aff., ¶ 15.

26. Vitone does not deny or otherwise controvert the facts alleged in paragraph 26.

27. Vitone does not deny or otherwise controvert the facts alleged in paragraph 27.

28. Vitone does not deny or otherwise controvert the facts alleged in paragraph 28 but states that he did not closely review the material(s) identified and did not understand those materials to indicate that the "**UNINSURED MOTORISTS**" coverage under the subject

policy had been changed, modified, or eliminated from the subject policy. Vitone Aff., ¶ 15.

29. Vitone does not deny or otherwise controvert the facts alleged in paragraph 29.

30. Vitone expressly denies the conclusion of law stated in paragraph 30. Vitone at no time sought or requested to change, alter, or eliminate the "**UNINSURED MOTORISTS**" coverage under the subject policy and never acknowledged the elimination or deletion of the "**UNINSURED MOTORISTS**" coverage under the subject policy. Vitone Aff., ¶ 10, ¶ 11.

31. Vitone expressly denies the conclusion of law stated in paragraph 31.

32. Vitone does not deny or otherwise controvert the facts alleged in paragraph 32.

33. Vitone does not deny or otherwise controvert the facts alleged in paragraph 33.

34. Vitone does not deny or otherwise controvert the facts alleged in paragraph 34.

35. Vitone does not deny or otherwise controvert the facts alleged in paragraph 35.

36. Vitone denies the characterization of his conduct set forth in paragraph 36.

37. Vitone does not deny or otherwise controvert the facts alleged in paragraph 37.

38. Vitone does not deny or otherwise controvert the facts alleged in paragraph 38.

39. Vitone does not deny or otherwise controvert the facts alleged in paragraph 39.

40. Vitone does not deny or otherwise controvert the facts alleged in paragraph 40.

41. Vitone does not deny or otherwise controvert the facts alleged in paragraph 41.

42. Vitone expressly denies the conclusion of law stated in paragraph 42 regarding the propriety of Amica's denial of coverage. Insofar as paragraph 42 purports to allege that Amica has denied coverage for Vitone's claims under the "**UNINSURED**

**MOTORISTS**" coverage of the subject policy, Vitone does not deny or otherwise controvert the facts so alleged.

Dated: September 15, 2008

Respectfully submitted,
Third-Party Defendant,
Vito Vitone,
By his Attorneys

/s/ Nicholas Mancini

Nicholas R. Mancini, Esq. #7100
nmancini@apslaw.com
Todd White, Esq. #5943
twhite@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

## CERTIFICATION

I hereby certify that on this 15th day of September 2008, the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid:

David J. Oliveira, Esq.
155 South Main Street, Suite 305
Providence, RI 02903

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
72 Pine Street, Suite 300
Providence, RI 02903

John A. Donovan III, Esq.
Nicole J. Tedesco, Esq.
Sloane & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, MA 02108

/s/ Nicholas Mancini

*464994_1*