UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOYCE WAGENMAKER | : | |
| Plaintiff | : | |
| | : | C.A. No. 08-41T |
| v. | : | |
| | : | |
| AMICA MUTUAL INSURANCE COMPANY | : | |
| SAFECO INSURANCE COMPANY OF ILLINOIS | : | |
| Plaintiff | : | |
| | : | C.A. No. 08-145S |
| v. | : | |
| | : | |
| AMICA MUTUAL INSURANCE COMPANY and JOYCE WAGENMAKER | : | |

**PLAINTIFF JOYCE WAGENMAKER'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HER OBJECTION TO AMICA MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMERY JUDGEMENT AND PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Joyce Wagenmaker will not encumber the submissions by including a comprehensive statement of undisputed facts that reiterates many of those Amica has submitted. Of course, Ms. Wagenmaker submits that most of the undisputed facts included in Amica's submission have no bearing whatsoever on the controversy between her and Amica, relating, instead, to that between Vitone and Amica. Accordingly, for purposes of this Motion, Wagenmaker incorporates by reference the following facts from Amica's statement: Numbers 1, 27, 28, 29, 32, 37, 38, 39, 40 and 41. Wagenmaker specifically rejects any suggestion that Number 42, which suggests that Amica properly denied coverage for her UM claim under the Policy, is in any way "undisputed". Finally, Wagenmaker offers the following additional undisputed facts:

1. By letter of November 5, 2007 (Exhibit A hereto), Ms. Wagenmaker's counsel sent to David Reifel, a Senior Claims Supervisor for Amica, a detailed analysis of the reason that she is entitled to UM coverage under the Policy for the injuries in issue;

2. By letter of November 9, 2007 (copy annexed hereto as Exhibit B), Reifel acknowledged receipt of Exhibit A, and indicated that Amica was reviewing the points that counsel made in his letter and that Amica would respond "shortly";

3. By letter of December 5, 2007, (copy annexed hereto as Exhibit C and incorporated herein by reference) Mr. Reifel responded to counsel's letter of November 5;

4. Amica has never (including in its Memorandum of Law submitted in connection with this Motion) addressed "the points that counsel made in his letter", Exhibit A.

Plaintiff
By her Attorney

_____/s/ David J. Oliveira______
DAVID J. OLIVEIRA, ESQ. #2516
155 South Main Street Suite 305
Providence, RI 02903
(401) 274-9191
(401) 274-9190 (Fax)
doliveira@djolaw.com

Date: ______09/15/08_________

**CERTIFICATION**

I hereby certify that the within was electronically filed with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and by regular mail, postage prepaid: **Nicole J. Todesco, Esq.,** Sloane & Walsh, LLP, Three Center Plaza, 8th Floor, Boston, MA 02108, **Todd D. White, Esq.,** Adler Pollock & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903, and **Mark P. Dolan, Esq.,** Rice, Dolan & Kershaw, 72 Pine Street, Suite 300, Providence, RI 02903 on this 15th day of September, 2008.

_____/s/ David J. Oliveira______

# Exhibit A

djo David J. Oliveira, Esq.
Attorney & Counsellor at Law

155 South Main S
Provid
ph.
fax.
delivei
w

Admitted in RI & MA

**Exhibit A**

November 5, 2007

Mr. Robert Reifel, CPCU
Sr. Claims Supervisor
Amica
P.O. Box 6008
Providence, RI 02940-6008

***Re: Vito Vitone/ File No. L99200605081***
***Accident of July 3, 2006***

Dear Mr. Reifel:

This firm is legal counsel to Joyce Wagenmaker with regard to an automobile accident which occurred on July 3, 2006 on Route 95 North in Warwick, Rhode Island (the "Accident"). At that time, Ms. Wagenmaker was a passenger in a vehicle owned and operated by your insured, Vito Vitone of West Warwick, Rhode Island who, we understand, promptly notified Amica of the Accident and made a claim for UM coverage with respect thereto. I am in receipt of your letter of May 30, 2007 to Todd White, Mr. Vitone's counsel, in which you reaffirm Amica's denial of UM coverage to Mr. Vitone with respect to the Accident. I write to you now to address claims by Ms. Wagenmaker for UM coverage under Mr. Vitone's policy of insurance.

While processing her claims against Safeco, the carrier that provided UM coverage to Ms. Wagenmaker, I recently obtained a complete copy of Mr. Vitone's policy with Amica, Policy Number: 961138-23YV (hereinafter referred to as the "Policy") and have carefully reviewed Part C of the Policy which governs claims for UM coverage. I have also reviewed the Policy's Declarations Page that lists certain vehicles which Mr. Vitone owned at the time of the Accident. Finally, I analyzed this information against the backdrop of my understanding that the vehicle involved in the Accident, a 1998 Chevrolet Corvette listed as Auto No. 5 on the Policy's Declarations Page (hereinafter referred to as the "Vitone Vehicle"), had been removed from the Policy over the winter months, with coverage not having been replaced prior to the Accident. While it appears that Paragraph A. 1. of the Exclusions section of Part C of the Policy[1] might deny UM coverage to Mr. Vitone, we believe that the clear and unambiguous Policy terms would afford coverage to Ms. Wagenmaker for the serious injuries she sustained in the Accident. In this regard, I provide the following analysis with all citations and discussion of contract language meant to refer to the Policy.

---

[1] I discuss this exclusion in more detail below, specifically its application to Ms. Wagenmaker.

David J. Oliveira, Esq.
Attorney & Counsellor at Law



First, Paragraph A of the Insuring Agreement in Part C, provides that, if Ms. Wagenmaker is an **insured** under Part C, then Amica must pay to her compensatory damages for any bodily injuries that she received, to the extent that she is legally entitled to recover such compensation from the owner or operator of an **uninsured motor** vehicle. The only other requirement under this Paragraph is that the owner's or operator's liability must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** Those terms that I have placed in bold type above are defined in Paragraph B of Part C's Insuring Agreement. I turn now to these definitions.

Considering first whether the Accident involved an **uninsured motor vehicle,** I note that Paragraph C. 3. defines such a vehicle as including one:

> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
>
> * * *
>
> c. **Your covered auto.**

The Police Report concerning the Accident, as well as all witness statements known to us, establish that the Vitone Vehicle was struck in the rear by another vehicle that fled the scene and which has never been identified. As discussed more fully in the following paragraph, because the Vitone Vehicle was still designated as Auto No. 5 on the Declarations Page at the time of the Accident, it was a **covered auto.** Thus, Ms. Wagenmaker suffered bodily injuries for which the owner or operator of an **uninsured motor vehicle** is legally liable. I turn now to a consideration of whether she was defined as an **insured** as, if she was, she is entitled, in the first instance, to coverage under Part C, unless otherwise excluded by the Policy's terms.

An **"insured"** is defined under Paragraph B. of Part C's Insuring Agreement. In addition to the named insured (Vito Vitone and Linda Vitone) Paragraph B. 2. includes within this definition, "[a]ny other person occupying **your covered auto.**" Part C. does not contain a definition of the term **your covered auto,** thus requiring reference to Paragraph J. of the Policy's general Definitions section which begins on Page 1 of 14. Specifically, Paragraph J. 1. defines **your covered auto** as "[a]ny vehicle shown in the Declarations." Accordingly, as the Vitone Vehicle was shown in the Declarations on the date of the Accident, Ms. Wagenmaker was an **insured** for purposes of coverage under the Insuring Agreement of Part C unless that coverage was otherwise excluded. For that reason, I turn to the applicable exclusions under Part C.

We understand that the only basis upon which Amica has denied UM coverage for Mr. Vitone with respect to the Accident, is the fact that he had removed the Vitone Vehicle from the Policy after the Policy (including the Declarations) was issued but before the Accident occurred.

djo David J. Oliveira, Esq.
Attorney & Counsellor at Law



Presumably, in reaching this conclusion, Amica relied on Paragraph A. 1. of Part C's language governing Exclusions which would require that we consider whether, under the Policy's language, this exclusion would apply to Ms. Wagenmaker, as well. With that in mind, I consider now the Exclusions provisions under Part C of the policy that begin on Page 7 of 14, thereof.

Paragraph A. 1. provides, in relevant part:

> A. We do not provide Uninsured Motorists Coverage for bodily injury sustained by:
>
> 1. By an **insured** while occupying, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy.

As is apparent, this section excludes coverage under Part C for an insured who is occupying a vehicle which is not insured for coverage under Part C, where that vehicle is owned by the insured. Thus, because Mr. Vitone owned the Vitone Vehicle, to the extent that there was no coverage on the Vitone Vehicle under Part C, he would be excluded from UM coverage. Of course, as Ms. Wagenmaker had no ownership or other interest in the Vitone Vehicle, this exclusion, **on its face,** would not apply to her. Accordingly, we believe that Ms. Wagenmaker satisfied all requirements for coverage under Part C and that the Policy does not contain any language that would act to exclude this coverage.

Based on the foregoing analysis of Policy terms that are clear and unambiguous, we hereby make demand that Amica acknowledge Ms. Wagenmaker's entitlement to UM coverage under the Policy, for the bodily injuries that she sustained in the Accident. Once we receive such acknowledgement, I shall provide to you promptly a comprehensive demand for settlement. In the interim, kindly call with any specific questions or comments that you may have.

Sincerely,

DJOliveira

David J. Oliveira, Esq.

DJO: nlp
cc: Mr. David Reeves, Safeco Insurance Company of Illinois

# Exhibit B

**Exhibit B**

Amica
AUTO HOME LIFE

100th ANNIVERSARY

CORPORATE OFFICE
One Hundred Amica Way
Lincoln, Rhode Island 02865-1156
Mail: PO Box 6008, Providence, RI 02940-6008
Toll-free: 1-800-62-Amica (1-800-622-6422)
Claims Fax: 1-866-774-3318
Sales/Service Fax: 1-401-333-4610

November 8, 2007

David J. Oliveira, Esq.
155 Main Street, Suite 305
Providence, RI 02903

RECEIVED
NOV 09 2007
David J. Oliveira, Esq.

Re:
File Number: L99200605081
Our Insured: Vito Vitone
Your Client: Joyce Wagonmaker
Date of Loss: July 3, 2006

Dear Mr. Oliveira:

I have your letter of November 5th relating to your claim that Joyce Wagonmaker is entitled to UM coverage from the Amica Personal Automobile Policy issued to Vito Vitone's. This is the first notice we had received that Ms. Wagonmaker was presenting a claim under Mr. Vitone's policy. As you indicate in your letter, we had previously denied coverage under this policy to Mr. Vitone.

We are reviewing the points that you make in your letter and will respond shortly. If you have any questions or comments that you would like to discuss, please call me. In the meantime, I would appreciate it if you would provide me with any information you may have concerning the damages that your client sustained in this accident.

Sincerely yours,

Robert Reifel, CPCU
Sr. Claims Supervisor
Email: rreifel@amica.com

RTR

# Exhibit C

**Exhibit C**

Amica
AUTO HOME LIFE

100th ANNIVERSARY

CORPORATE OFFICE
One Hundred Amica Way
Lincoln, Rhode Island 02865-1156
Mail: PO Box 6008, Providence, RI 02940-6008
Toll-free: 1-800-62-Amica (1-800-622-6422)
Claims Fax: 1-866-774-3318
Sales/Service Fax: 1-401-333-4610

December 5, 2007

David J. Oliveira, Esq.
135 South Main Street, Suite 305
Providence, RI 02903

RECEIVED
DEC 06 2007
David J. Oliveira, Esq.

Re:
File Number: L99200605081
Our Insured: Vito Vitone
Your Client: Joyce Wagenmaker
Date of Loss: 07/03/06

Dear Mr. Oliveira:

I am writing to respond to your November 5, 2008 correspondence concerning the above-reference matter.

After careful and thoughtful consideration of the information and contentions contained in your letter, I regret to inform you that the Personal Auto Policy (Policy No 961138-23YV) issued by AMICA Mutual Insurance Company affords no coverage for claims arising out of the July 3, 2006 motor vehicle accident. More specifically, there is no coverage under the policy for your client's claim for Uninsured Motorist ("UM") benefits.

Independent of the application of the Policy exclusion you have referred to, coverage is lacking in this matter in light of the following circumstances:

In October of 2005, Vito Vitone contacted AMICA and requested the deletion and elimination of all coverages (except "Other Than Collision" coverage) for his 1998 Chevrolet Corvette. Consistent with this request, AMICA then made the necessary changes and a new policy was issued with the corresponding reductions in premium. AMICA also provided Mr. Vitone with written confirmation of the elimination of coverages via correspondence dated October 13, 2005. The correspondence included a "Coverage Confirmation" which indicated that Liability, Medical Payments, Collision Loss and Uninsured Motorists Coverage were "not covered." Simply put, the insurance contract was modified and these coverages were removed.

Because all coverages (except "Other Than Collision" coverage) were eliminated for 1998 Chevrolet Corvette prior to the subject accident, there is no coverage for any UM claim presented by or on behalf of your client. Simply put, such coverage did not exist for this vehicle.

In closing, please note that AMICA does not and should not be deemed to have waived all or any rights or grounds it may have in connection with the above-referenced policy, nor should it be deemed to be estopped from asserting all or any coverage defenses that are currently available under the policy or any defenses which may become applicable in this matter. No act of AMICA shall be construed as an admission of liability or as an admission or coverage.

Should you have any additional information or arguments which you believe bear on our coverage determination, or should you have any questions, please do not hesitate to contact me.

I will be available to you to discuss the position we have taken. Should you, however, wish to contact the Rhode Island Insurance Division regarding this matter, it maintains a section to investigate Complaints at 223 Richmond Street, Providence, RI, 02903, The Rhode Island Insurance Division can be contacted by telephone at 401-277-2223.

The above paragraph is required by Rhode Island Regulations.

Thank you.

Sincerely yours,

Robert Reifel, CPCU
Sr. Claims Supervisor
Email: rreifel@amica.com

RTR

Cc: David Reeves, Safeco Insurance Company of Illinois