UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOYCE WAGENMAKER, )
    Plaintiff, )
     )
v. )
     )  C.A. No. 08-41 S
AMICA MUTUAL INSURANCE CO., )
    Third-Party Plaintiff, )
     )
v. )
     )
VITO VITONE, )
    Third-Party Defendant. )

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant/Third-Party Plaintiff, Amica Mutual Insurance Company's ("Amica") Motion for Costs and Expenses. Amica seeks an award of costs and expenses pursuant to Fed. R. Civ. P. 54 and 28 U.S.C.A. § 1920 in the amount of $2,124.38. Both Plaintiff Wagenmaker ("Wagenmaker") and Third-Party Defendant Vitone ("Vitone") filed objections to the Motion, and a hearing was held on September 2, 2009. The Court has considered the costs and expenses requested and has determined that Amica is entitled to recover $972.15.

I.  Background

Wagenmaker brought an action against Amica to recover damages for bodily injuries suffered from a car accident. Subsequently, Amica filed a third-party complaint against Third-Party Defendant Vitone. A jury trial was held on April 13 and 14, 2009 and the

jury returned a verdict in favor of Amica. Judgment was entered on the verdicts on April 23, 2009 on all claims and issues.

II. Standard

Federal Rule of Civil Procedure 54(d) provides that "[u]nless . . . a court order provides otherwise, costs . . . should be allowed to the prevailing party." Costs are set forth in 28 U.S.C. § 1920. Pursuant to 28 U.S.C. § 1924 and LR Cv 54, a party seeking costs shall set forth an affidavit and memorandum of law stating that the costs were actually performed and necessary to the party's case.

III. Analysis

There is no dispute that Amica is a prevailing party in this matter. Judgment was entered on April 23, 2009 and Amica's Motion for Costs and Expenses was filed on May 5, 2009. As a preliminary matter, Wagenmaker and Vitone assert that Amica's motion was untimely. Local Rule Cv 54(a) provides:

> Within ten (10) days after entry of judgment, a party seeking an award of costs shall file and serve on all other parties a motion for an award of costs, together with a proposed bill of costs. Failure to file a proposed bill of costs within that time shall constitute a waiver of any claim for costs unless the Court otherwise orders, for good cause shown.

However, Fed. R. Civ. P. 6(a)(2) provides that when a period of time is less than eleven days, weekends and legal holidays are not counted. Moreover, the day of the act, event, or default is not to be included in the computation of time. Fed. R. Civ. P. 6(a). Therefore, only eight countable days elapsed from the date judgment

was entered until Amica's motion was filed. Amica's Motion for Costs and Expenses was timely.

Amica asserts that it is entitled to $2,124.38 in total costs. In support of the request, Amica has submitted an Affidavit and Bills of Costs outlining the following fees: fees for the depositions of Joyce Wagenmaker, Vito Vitone, Linda DeTroia, and Roland Letourneau ($1764.05); fees for service of subpoenas and witness fees for Joyce Wagenmaker, Blaise Chevrolet, and Tire Pro ($280); and fees for copying ($80.33). Costs for the DeTroia and Letourneau depositions included expedited transcript fees. Amica has not demonstrated entitlement to the full amount it requests.

Generally, deposition costs are not allowed unless the depositions are introduced into evidence or used at trial. Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). However, it is within the discretion of the Court to tax deposition costs if special circumstances warrant, even if the depositions were not used at trial. See id. Additionally, 28 U.S.C. § 1920(2) provides that a judge or clerk may tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Here, the deposition of Vito Vitone was used at trial and Amica is awarded $637.15 for the costs. However, Joyce Wagenmaker did not testify at trial and her deposition had no bearing on the issue presented to the jury. Additionally, Amica did not provide any evidence that the depositions of Linda DeTroia and Roland

Letourneau were necessary to the case or that the expedited transcripts of the depositions were necessary. See Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth., 193 F.R.D. 26, 40 (D.P.R. 2000) (prevailing parties cannot recover price for expedited transcripts without an explanation of necessity); Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455 (7th Cir. 1998) (costs for deposition transcripts cannot exceed regular copy rate established by the Judicial Conference of the United States). Therefore, the Court concludes that Amica is only entitled to $100 for the appearance fees of the court reporter for the depositions of Joyce Wagenmaker, Linda Detroia, and Roland Letourneau.

Amica is also entitled to a partial award of the requested service of process and witness fees. For service of process, 28 U.S.C. § 1920 only specifically includes the fees of a marshal. Therefore, the $135 for service of subpoenas on Joyce Wagenmaker, Blaise Chevrolet, and Tire Pro are awarded. Additionally, 28 U.S.C. § 1920(3) provides for witness fees; however, the Seventh Circuit has held that "the district court may not tax witness fees for party witnesses under 28 U.S.C. § 1920(3)." Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1442 (7th Cir. 1994). Therefore, Amica is awarded $100 for the witness fees of non-parties Blaise Chevrolet and Tire Pro, but the witness fee of $60 for Plaintiff Wagenmaker is excluded.

The cost of $80.33 for documents used at hearings on the motions for summary judgment is not awarded. Pursuant to 28 U.S.C.

§ 1920(4), "[f]ees for exemplification and the costs of making copies of any materials" that are necessary for use in the case are allowed. Here, though, the invoice provided indicates that Amica is seeking to recover costs associated with pre-trial proceedings, specifically the Motion for Summary Judgment, and not the trial of the matter. See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd., 174 F.R.D. 479, 484 (D. Colo. 1997) (costs related to exhibits attached to dispositive motions are not recoverable when the party prevails after trial).

Finally, Vitone argues that as a Third-Party Defendant he should not be required to pay any costs as he was a reluctant party to the litigation. However, Vitone has provided no evidence or case law to support his contention and the argument is without merit.

IV. Conclusion

For the reasons discussed above, Amica's final award of costs and expenses shall be $972.15.

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date: 10/14/09

5